IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRE CHINEME (ANDRE OF THE CHINEME FAMILY), | § § | |
| PLAINTIFF, | § § | |
| v. | § § | CIVIL CASE NO. 3:21-CV-1871-K-BK |
| CHARLES UZO OF THE MADUKA FAMILY, | § § § | |
| DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I.    BACKGROUND**

On August 11, 2021, Andre Chineme, a Texas resident and self-proclaimed sovereign citizen, filed a *pro se* complaint against Charles Uzo, his defense counsel in Dallas County criminal case number F2130217. Doc. 3 at 1. Uzo was recently permitted to withdraw as Chineme's defense counsel in Dallas County misdemeanor case number M2031407. Doc. 3 at 1.[1]

Chineme's complaint is difficult to decipher and largely nonsensical. He alleges *in toto*:

---

[1] Online docket sheets for both cases are available on the Dallas County website at https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last accessed on August 17, 2021).

> We the Royal, Andre of the Chineme Family are the Principal and Beneficiary of "ANDRE CHINEME 269075- 1994", an ESTATE ENTITY having no capacity or substance to act or appear. Andre of the Chineme Family with clean hands in equity hereby serve notice that unlawful entry by Mercantile Agents without claim of ownership to the ESTATE ENTITY now leaves the Owner Andre of the Chineme Family with the motion to charge the party of trespassing for a sum certain of Twenty Thousand United States Dollars.
>
> The dishonorable Charles Uzo of the Maduka Family has trespassed against my ESTATE ENTITY and has made claims as Principal and Owner of the "ANDRE CHINEME" ESTATE ENTITY. Charles Uzo of the Maduka Family is in attempt to extort, injure, harm, and claim my ESTATE property without any consent from I the Beneficiary, Andre of the Chineme Family . Charles Uzo of the Maduka Family has entitled himself to the securities and insurances held by Eduardo of the Carranza Family that are used to protect Andre of the Chineme Family's ESTATE ENTITY, " ANDRE CHINEME" from extortion, injury, harm, and theft of property under my reserved right to subrogation.
>
> Charles Uzo of the Maduka Family has no inherent rights in forcing unsolicited goods and services out of my ESTATE ENTITY "ANDRE CHINEME" and is to cease and desist immediately. Should the causes F2130217 and M2031407 be discharged forthwith then no further action will ensue, failure to do so will require Charles Uzo of the Maduka Family to identify the Owner of the ESTATE that gave consent to allow entry to the ESTATE'S property in commerce to be used for the purposes of unsolicited goods and services and to prove his standing as inherent Principal and Owner. If not, I allege the conspiracy to defraud on Charles Uzo of the Maduka Family. This Court and Free Justice shall not be imposed by exorbitances.

Doc. 3 at 2.

Chineme has also filed a *Motion to Remove "Attorney" Without Prejudice*, which asserts in its entirety:

> We the Royal, Andre of the Chineme Family are the Principal Owner and Beneficiary of the "ANDRE CHINEME" ESTATE ENTITY. Andre of the Chineme Family with clean hands in equity hereby serve notice that there will be no entry by any BAR member without proof of ownership position to the ESTATE ENTITY "ANDRE CHINEME" . Charles Uzo of the Maduka Family is not the "Attorney" or has any Power of Attorney of the "ANDRE CHINEME" ESTATE ENTITY.  As of 11th of August 2021, BAR member# 12802700, Charles Uzo of the Maduka Family will no longer be a voice of the "ANDRE CHINEME" ESTATE ENTITY. BAR member # 12802700, Charles Uzo of the Maduka Family

      has been removed and purged from case #M2031407 and F2130217. This Court and Free Justice shall not be imposed by exorbitances.

Doc. 3 at 3.

Based on these pleadings, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed *sua sponte*.[2]

**II.    ANALYSIS**

The Court should always examine, *sua sponte* if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over civil cases (1) alleging a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Chineme's complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by

---

[2] Because the Court lacks jurisdiction, the Court need not address the motion to proceed *in forma pauperis* and it will be terminated by separate order. Doc. 4.

lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Chineme has not alleged facts that establish federal question or diversity jurisdiction over his claims.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). The complaint in this case contains no factual allegations that support federal question jurisdiction, as Chineme does not identify any constitutional or federal statutory violation. Further, Chineme's assertion that the Defendant is a resident of Texas, defeats subject-matter jurisdiction based on diversity. Doc. 3 at 2 (providing Defendant Uzo's Dallas address and bar number); *see Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (holding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted). In addition, because the complaint does not present a sufficient basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any state law claims. 28 U.S.C. § 1367(a).

Accordingly, the complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the facts as alleged by Chineme in his complaint

clearly demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

## IV. CONCLUSION

For the foregoing reasons, it is recommended that Chineme's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on September 19, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).